The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion on the following question:
 Can a city alderman in a second class city also serve in any capacity of the municipal fire department of the same city?
The Arkansas Code specifically authorizes the service of a member of the governing body of a city of the second class as a volunteer fire fighter. Arkansas Code Annotated § 14-42-115 (Supp. 1997) states:
 A person may serve and receive compensation as a member of the governing body of any city of the first or second class or incorporated town and simultaneously serve as a volunteer fire fighter and receive compensation as a fire fighter.
A.C.A. § 14-42-115(b) (Supp. 1997).[1]
While it can therefore be generally stated, in response to your question, that an alderman may serve as a volunteer fire fighter, a review of previous opinions issued by this office makes it clear that a conclusive determination in any given instance requires reference to the particular capacity or position in question. I concluded, for instance, in Attorney General Opinion 95-178 that § 14-42-115 does not authorize a city council member (mayor in that instance)[2] to serve as fire chief. I have enclosed a copy of that opinion for your review. As you can see, that opinion was based upon language in the emergency clause toAct 124 of 1981, the original act giving rise to § 14-42-115, which clarified legislative intent with respect to the position of "volunteer fire fighter." I concluded that a fire chief was not included within the category of "volunteer firemen" who receive a "small amount of pay . . . only when they are called upon to render fire service duties. . . ." Op. Att'y Gen. 95-178 at 2, citing Section 3 of Act 124 of 1981 (emergency clause).
Because, in my opinion, § 14-42-115 did not expressly sanction the mayor's service in that instance as fire chief, it was necessary in Opinion 95-178 to consider other potential obstacles to the dual service. I concluded that the mayor's appointment to the office of municipal fire chief likely falls within the statutory prohibition in A.C.A. §14-42-107(a)(2) (1987), which provides:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
I also opined that one's dual service as mayor and fire chief could be successfully challenged under the common law "incompatibility of offices" doctrine. Op. Att'y Gen. 95-178 at 1. Accord Op. Att'y Gen. 96-025
(concluding that the incompatibility doctrine prohibits a volunteer fire department lieutenant from serving on the city council).
It thus becomes apparent that the alderman's particular capacity or position in the fire department must be considered in order to conclusively resolve your question. To summarize, if the question does not involve the alderman's service as a "volunteer fire fighter" within the express authorization of § 14-42-115, then the inquiry may focus on whether the alderman's service in the fire department involves his or her appointment to a "municipal office." Such an appointment would, as reflected in Opinion 95-178, be prohibited by § 14-42-107(a)(2). The common law prohibition against incompatible offices may also have to be considered. See Op. Att'y Gen. 96-025, supra. If the alderman's service in the fire department does not involve another office, such service may be lawful. Again, however, the particular facts and circumstances will, in my opinion, be determinative.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Please note, however, that this express authorization was removed in 1993 with respect to cities having a city administrator form of government. See A.C.A. § 14-42-115(c) (Supp. 1997); see also Op. Att'y Gen. 94-047 (opining that as a result of this 1993 amendment to §14-42-115, another Code provision — A.C.A. § 14-48-110(a)(3) — will now prevent a volunteer fire fighter from serving on the city board of directors in a city operating under the administrator form of government).
[2] As I have previously opined, the mayor would be considered a council member for purposes of A.C.A. §§ 14-42-115 and 14-42-107, infra.See Op. Att'y Gen. 95-178 at 1 (and opinions cited therein).